UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MIYAH NORTON,

Plaintiff,                                    Case No. 16-cv-10279

v.                              UNITED STATES DISTRICT COURT JUDGE
                                              GERSHWIN A. DRAIN

ESURANCE PROPERTY AND CASUALTY
        COMPANY,                    UNITED STATES MAGISTRATE JUDGE
                                              ELIZABETH A. STAFFORD

Defendant.

## OPINION AND ORDER DENYING DEFENDANT'S MOTION TO DISMISS [24]

## I. Introduction

This is a breach of contract case against an insurance provider. From August 2016 to January 19, 2017, Plaintiff was non-responsive to Court orders and discovery requests. Pending before the Court is defendant-insurance provider's Motion to Dismiss [24]. For the following reasons the Court will **DENY** Defendant's Motion without prejudice. However, if the Plaintiff again disobeys Court orders or discovery requests, the Court will dismiss this case.

## II. Facts

This case involves a motor vehicle accident on February 10, 2015, in Detroit, Michigan. Dkt. No. 1, p. 9 (Pg. ID 9). Miyah Norton ("Plaintiff") claims to have been a passenger in a motor vehicle owned and operated by LaTasha Crimes. At the

time of the accident, Ms. Crimes was insured by Esurance Property and Casualty Company ("Defendant"). Following the accident, Plaintiff alleged numerous injuries. *Id.*, p. 10 (Pg. ID 10). Plaintiff applied for benefits for household chore services, home care services, transportation costs, outstanding medical care costs, etc. *Id.*

When Defendant refused to award the Plaintiff benefits, Plaintiff filed this breach of contract action. This case was originally filed in the Circuit Court for Wayne County on January 5, 2016. Dkt. No. 1, p. 8 (Pg. ID 8). On January 27, 2016, Defendant removed to federal court. *Id.*

According to the Defendant, the Plaintiff repeatedly ignored attempts to obtain a recorded statement regarding the accident, prior to the current litigation. Dkt. No. 24, p. 4 (Pg. ID 226). Since the litigation has commenced, Plaintiff remains inconsistent and nonresponsive. On April 15, 2016, Plaintiff failed to appear for her deposition. *Id.*, p. 5 (Pg. ID 227). After multiple attempts to reschedule the deposition, the Court signed a stipulated order compelling the Plaintiff to attend her own deposition on August 5, 2016. Dkt. No. 14. As best as the Court can tell, the Plaintiff obeyed that stipulated order and appeared for deposition questioning.

After the Plaintiff failed to appear for a scheduled independent medical exam, the Defendant moved to compel Plaintiff's attendance. Dkt. No. 15. On August 24, 2016, Magistrate Judge Stafford granted the Defendant's Motion to Compel and

required the Plaintiff to attend an independent medical exam and also to provide her own transportation. Dkt. No. 22. On October 27, 2016, Plaintiff again failed to attend her own independent medical exam. Dkt. No. 24-15 (Pg. ID 259).

On November 1, 2016, Defendant filed this current Motion to Dismiss. Dkt. No. 24. The Plaintiff had until November 23, 2016 to timely respond to the motion. *See* LR 7.1(e)(1)(B). The Plaintiff failed to meet this deadline. On December 22, 2016 this Court ordered the Plaintiff to show cause why this case should not be dismissed. Dkt. No. 26. The Court's order required the Plaintiff to file a response by December 29, 2016. *Id.* The Plaintiff missed this deadline. The Plaintiff has not filed anything on the docket since August 19, 2016.

On January 5, 2017, the Court held a hearing on the Motion to Dismiss. Following that hearing, the Court ordered the Plaintiff to pay Defendant $375.00 in sanctions and to produce to the Plaintiff, in person, at another hearing on January 19, 2017. Dkt. No. 30. The Plaintiff complied with both Court orders.

The Court will also acknowledge that the Plaintiff did attend one prior independent medical exam for the Defendant, and the instant motion relates to a second one.

### III. <u>Analysis</u>

"Under FED.R.CIV.P. 37(b)(2)(C), a district court may sanction parties who fail to comply with its orders in a variety of ways, including dismissal of the lawsuit."

-3-

*Bass v. Jostens, Inc.*, 71 F.3d 237, 241 (6th Cir. 1995) (citing *Bank One of Cleveland, N.A. v. Abbe*, 916 F.2d 1067, 1073 (6th Cir. 1990)). "The use of dismissal as a sanction for failing to comply with discovery has been upheld because it accomplishes the dual purpose of punishing the offending party and deterring similar litigants from such misconduct in the future." *Id.* (citing *National Hockey League v. Metropolitan Hockey Club, Inc.,* 427 U.S. 639, 642–43 (1976)).

"Dismissal is usually inappropriate where the neglect is solely the fault of the attorney." *Carter v. City of Memphis, Tenn.*, 636 F.2d 159, 161 (6th Cir. 1980) "[D]ismissal is an appropriate sanction where the party's failure to cooperate with the court's discovery orders is due to willfulness." *Id.* "A willful violation occurs whenever there is a conscious and intentional failure to comply with the court order." *See Bass*, 71 F.3d at 237. (citing *Brookdale Mill, Inc. v. Rowley*, 218 F.2d 728, 729 (6th Cir. 1954)). "An order of the district court dismissing an action under Rule 37(b), FED.R.CIV.P., for willful failure to cooperate in discovery is reviewed under an abuse of discretion standard." *Id.* (citing *Regional Refuse Systems, Inc. v. Inland Reclamation Co.*, 842 F.2d 150, 154 (6th Cir. 1988) ("if a party has the ability to comply with a discovery order and does not, dismissal is not an abuse of discretion")).

Courts should consider "four factors in reviewing the decision of a district court to dismiss a case for failure to prosecute: (1) whether the party's failure is due

to willfulness, bad faith, or fault; (2) whether the adversary was prejudiced by the dismissed party's conduct; (3) whether the dismissed party was warned that failure to cooperate could lead to dismissal; and (4) whether less drastic sanctions were imposed or considered before dismissal was ordered." *Wu v. T.W. Wang, Inc.*, 420 F.3d 641, 643 (6th Cir. 2005) (citing *Knoll v. Am. Tel. & Tel. Co.,* 176 F.3d 359, 363 (6th Cir. 1999)). These factors have been applied more stringently in cases where the plaintiff's attorney's conduct is responsible for the dismissal. *Id.* (*Harmon v. CSX Transp., Inc.* 110 F.3d 364, 367 (6th Cir. 1997)).

A. *Willfulness, Bad Faith or Fault*

"The first factor—whether the party's failure is due to willfulness, bad faith, or fault—requires 'a clear record of delay or contumacious conduct.' " *Carpenter v. City of Flint*, 723 F.3d 700, 704–05 (6th Cir. 2013) (citing *Freeland v. Amigo,* 103 F.3d 1271, 1277 (6th Cir. 1997)). "Contumacious conduct refers to behavior that is 'perverse in resisting authority' and 'stubbornly disobedient.' " *Id.* (citing *Schafer v. City of Defiance Police Dep't,* 529 F.3d 731, 737 (6th Cir. 2008). "The plaintiff's conduct must display either an intent to thwart judicial proceedings or a reckless disregard for the effect of [her] conduct on those proceedings." *Id.* (citing *Wu,* 420 F.3d at 643).

The conduct at issue here includes: (1) repeatedly ignoring Esurance's attempts to obtain a pre-litigation examination under oath; (2) failing to appear for a

deposition; (3) failing to appear for a medical exam, twice; and (4) failing to respond to the Court's order to show cause. The first two transgressions—refusing a pre-litigation examination and missing a deposition—are certainly frustrating but are less egregious than the types of conduct that reflect a clear record of contumacious conduct. *See Carpenter*, 723 F.3d at 705 (finding "repeated noncompliance with local filing rules and a delayed response to Defendants' motion to strike" insufficient to affirm dismissal). However, Plaintiff's last two transgressions must be taken seriously. This Court ordered Plaintiff to attend an independent medical exam and ordered the Plaintiff to respond to the Defendant's Motion to Dismiss. *See* Dkt. Nos. 22, 24. On both occasions Plaintiff acted in contempt of explicit Court orders. *See Mulbah v. Detroit Bd. of Educ.*, 261 F.3d 586, 592 (6th Cir. 2001) (finding dismissal proper when Plaintiff "failed to respond to any discovery requests" or "acted in contempt of a court order compelling cooperation with such requests[.]"). In this case, Plaintiff's conducts mirrors the bad faith described in *Mulbah*. Therefore, Plaintiff's disregard of multiple Court orders and failure to respond to discovery requests weighs in favor of dismissal.

### B. Prejudice

The second factor to examine is whether the Defendant was prejudiced by Plaintiff's conduct. *See Mulbah,* 261 F.3d at 589. "A defendant is prejudiced by a plaintiff's dilatory conduct if the defendant is 'required to waste time, money, and

effort in pursuit of cooperation which [the plaintiff] was legally obligated to provide.' " *Carpenter*, 723 F.3d at 707 (quoting *Harmon v. CSX Transp., Inc.*, 110 F.3d 364, 368).

In this case, the Plaintiff is legally obligated to submit to medical examination. *See* Mich. Comp. Laws § 500.3151 ("When the mental or physical condition of a person is material to a claim that has been or may be made for past or future personal protection insurance benefits, the person shall submit to mental or physical examination by physicians.") Notwithstanding this legal obligation, Plaintiff has twice failed to appear to for medical examination. Defendant has waited over six months (from at least June 15, 2015 until now), filed two motions (Motion to Compel and Motion to Dismiss), and incurred at least $700 in non-show fees alone. Furthermore, trial is less than six months away. Because of this wasted time, money and effort, Defendant is clearly prejudiced by Plaintiff's conduct. Prejudice, therefore, weighs in favor of dismissal.

### C. Notice

"The third factor to consider when determining whether the district court abused its discretion in dismissing a case for failure to prosecute is 'whether the dismissed party was warned that failure to cooperate could lead to dismissal.' " *Carpenter* 723 F.3d at 708 (citing *Mulbah,* 261 F.3d at 589). This factor saves the Plaintiff's claim from dismissal.

Absent from the Court's prior two orders was the warning that non-compliance with the Court's order will lead to dismissal of Plaintiff's claim. *Id.* (holding "boilerplate language, which does not explicitly identify dismissal as a sanction, is not the type of notice sufficient to apprise a party of the possibility of dismissal."); *see also Wu*, 420 F.3d at 644 (holding that a show-cause order was "insufficient to provide notice that the case might be dismissed" after the plaintiff had responded to the order and "[t]he district court did not notify the parties that the response was inadequate or that any further action was required[.]"). However, the Plaintiff cannot rely on this factor to save her claim from dismissal in the future.

From this point on, Plaintiff's failure to submit to an independent medical exam or Plaintiff's failure to comply with Court orders **WILL** result in dismissal of the Plaintiff's claim, in its entirety.

## IV. <u>Conclusion</u>

For the foregoing reasons, the Defendant's Motion to Dismiss [24] is **<u>DENIED</u>**, without prejudice. If the Plaintiff fails to timely submit to a medical exam, Defendant's Motion to Dismiss can be revived and this Court will dismiss the case.

**SO ORDERED.**

Dated: January 19, 2017

Detroit, MI

/s/Gershwin A Drain

HON. GERSHWIN A. DRAIN
United States District Court Judge

I hereby certify that a copy of the foregoing document was mailed to the attorneys of record on this date, January 19, 2017, by electronic and/or ordinary mail.

/s/Tanya Bankston
Case Manager, (313) 234-5213